

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00025-CV

---

CARLOS SARMENTO, APPELLANT

V.

WHITESTONE SHOPS AT STARWOOD, LLC, APPELLEE

---

On Appeal from the 471st Judicial District Court
Collin County, Texas[1]
Trial Court No. 471-03366-2025, Honorable Bryan Gantt, Presiding

---

July 30, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

In this restricted appeal, appellant Carlos Sarmento claims that the no-answer default judgment against him obtained by Whitestone Shops at Starwood, LLC, was improperly granted because Whitestone failed to properly effect service of process. We reverse and remand.

---

[1] Originally appealed to the Fifth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket-equalization efforts. *See* TEX. GOV'T CODE § 73.001.

## BACKGROUND

Whitestone sued Bionic Sport USA, Inc., and Sarmento in May of 2025 alleging that Bionic Sport breached a commercial lease agreement and Sarmento breached a guaranty agreement. Whitestone requested issuance of citation to serve defendant Bionic Sport "by serving its registered agent, Carlos F. Crispim Sarmento" and to serve defendant Sarmento individually. An affidavit was filed stating the petition was served via hand-delivery to "Bionic Sport USA, Inc. c/o its registered agent, Carlos F. Crispim Sarmento, c/o its current registered agent, Republic Registered Agent, LLC, by delivering to its agent for service, Lovette Dobson . . . Houston, Harris County, TX 77064, in person." The record reflects that citation directed to Sarmento individually was issued but never served, and no executed return of service for Sarmento appears in the record.

Neither Bionic Sport nor Sarmento filed an answer. On July 3, 2025, the trial court granted Whitestone's motion for default judgment and signed a default judgment in Whitestone's favor. On December 8, Sarmento filed a notice of restricted appeal alleging the trial court never acquired personal jurisdiction over him.

## ANALYSIS

To prevail on his restricted appeal, Sarmento must establish: (1) he filed his notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

2

Sarmento satisfies all four requirements. He was a named defendant below, did not participate in the proceedings, timely filed his notice of restricted appeal, and error is apparent on the face of the record.

In the context of a restricted appeal, there are no presumptions in favor of valid issuance, service, and return of citation. *Fid. and Guar. Ins. Co. v. Drewery Const. Co.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curiam). If proper service is not affirmatively shown, there is error on the face of the record, and the default judgment must be set aside. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (per curiam).

Here, the record does not reflect that Whitestone effectuated valid service of process on Sarmento.[2] A trial court does not have personal jurisdiction over a defendant unless the defendant was properly served. *See Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam); *Pro-Fire & Sprinkler, L.L.C. v. Law Co.*, 637 S.W.3d 843, 849 (Tex. App.—Dallas 2021, no pet.). Given the absence of valid service, the trial court did not acquire personal jurisdiction over Sarmento, and the default judgment against him cannot stand. *Spanton*, 612 S.W.3d at 318.

## CONCLUSION

Accordingly, we reverse the trial court's default judgment against Sarmento and remand the case for further proceedings consistent with this opinion.

Judy C. Parker
Chief Justice

---

[2] Whitestone has filed a motion acknowledging this error.

3